# EXHIBIT 1

J. Noah Hagey, Esq. (SBN: 262331)
    hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
    borden@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
    kwasniewski@braunhagey.com
Tracy O. Zinsou, Esq. (SBN: 295458)
    zinsou@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 599-0210

ATTORNEYS FOR DEFENDANT
BA SPORTS NUTRITION, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC SILVER, ALEXANDER HILL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BA SPORTS NUTRITION, LLC,<br><br>Defendant. | Case No: 3:20-cv-00633-SI<br><br>**NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION TO TOP CLASS ACTIONS LLC**<br><br>**Judge:** Hon. Susan Illston<br>**Ctrm.:** 1, 17th Floor<br><br>Complaint filed: January 28, 2020 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT,** pursuant to Federal Rule of Civil Procedure 45(a)(4), Defendant BA Sports Nutrition, LLC through their counsel, BraunHagey & Borden LLP, will serve a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action upon Top Class Actions LLC, through their Statutory Agent Detwiller Digiacomo & Pisaruk, 99 East Virginia Ave., Suite 220, Phoenix, AZ 85004.  A copy of the subpoena is attached hereto.

Dated:  November 30, 2020

BRAUNHAGEY & BORDEN LLP

By: _____
Tracy O. Zinsou

*Attorneys for Defendant*
*BA Sports Nutrition LLC*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| MARC SILVER, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:20-cv-00633-SI |
| BA SPORTS NUTRITION, LLC | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
TOP CLASS ACTIONS LLC
(AGENT) DETWILLER DIGIACOMO & PISARUK, 99 East Virginia Ave., Suite 220, Phoenix, AZ 85004

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| | |
|---|---|
| Place: BRAUNHAGEY & BORDEN LLP<br>       351 California St., Tenth Fl., San Francisco, CA 94104 | Date and Time:<br><br>12/16/2020 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/30/2020

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant
BA SPORTS NUTRITION, LLC                                    , who issues or requests this subpoena, are:

Tracy Zinsou, 351 California St., Tenth Fl., San Francisco, CA 94104, zinsou@braunhagey.com, Tel: (415) 599-0210

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:20-cv-00633-SI

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT 1**

**DEFINITIONS**

1.      "YOU," or "YOUR" as used in these Requests for Production is defined to encompass Top Class Actions LLC and any partners, employees, agents and representatives, consultants, attorneys or other persons acting under their control or behalf and includes, without limitation, any associated entity, including any predecessor, successor, affiliate, subsidiary or parent entity.

2.      "KAPLAN FOX" is defined to include, collectively and individually, Kaplan Fox & Kilsheimer LLP and any partners, employees, agents and representatives, consultants, attorneys or any persons acting under its control or behalf and includes, without limitation, any associated entity, including any predecessor, successor, affiliate, subsidiary or parent entity.

3.      "REESE" is defined to include, collectively and individually, Reese LLP and any partners, employees, agents and representatives, consultants, attorneys or any persons acting under its control or behalf and includes, without limitation, any associated entity, including any predecessor, successor, affiliate, subsidiary or parent entity.

4.      "BODYARMOR" is defined to include, collectively and individually, Defendant BA Sports Nutrition, LLC and any partners, employees, agents and representatives, consultants, attorneys or other persons acting under its control or behalf and includes, without limitation, any associated entity, including any predecessor, successor, affiliate, subsidiary or parent entity.

5.       "COMPLAINT" shall mean the operative complaint in the above-captioned action.

6.      "DOCUMENT(S)" shall have a meaning that comports with FED. R. CIV. P. 34, and shall include, without limitation, electronically stored data such as computer files as well as all written, typewritten, printed and graphic materials however produced or reproduced, in YOUR possession, custody or control, pertaining in any way to the subject matter of this action.  This definition includes but is not limited to any and all of the following: correspondence, letters, notes, memoranda, telegrams and cables, publications, contracts, agreements, insurance policies, offers, analyses, studies, books, papers, records, reports, calendars, diaries, statements, complaints, filings with any court or governmental agency, corporate minutes, ledgers, transcripts, summaries,

agendas, work orders, repair orders, bills, invoices, receipts, estimates, evaluations, personnel files, diplomas, certificates, instructions, manuals, bulletins, advertisements, periodicals, accounting records, checks, financial records, notes or memoranda of telephone or personal conversations or conferences, intra-company communications, sound recordings, films, photographs, mechanical or electronic recordings, tapes, transcriptions and electronic mail.

7.      "COMMUNICATION" or "COMMUNICATIONS" shall include, without limitation, electronic mail, text messages, instant messages, intra-company communications, voicemail, sound records, and telephone or cellular phone records.  For the avoidance of doubt, COMMUNICATIONS encompass, without limitation, data stored on YOUR personal electronic devices, YOUR email accounts, and/or on any other media or devices within YOUR possession, custody, or control.

8.      A request for all DOCUMENTS "RELATED TO" or "RELATING TO" a subject extends to each DOCUMENT making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

9.      "PERSON" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

10.     The terms "REGARDING" and "CONCERNING" mean pertaining to, referring to, relating to, concerning, describing, mentioning, containing, evidencing, constituting, dealing with, discussing, considering, analyzing, studying, reporting on, commenting on, setting forth, supporting, recommending or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

11.     The word "including" and "include" as used herein are illustrative and are in no way a limitation on the information requested.

12.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible

1  the scope of any request for the production; the word "all" means "any and all"; the word "any"

2  means "any and all"; the word "including" means "including without limitation."

3  **<u>INSTRUCTIONS</u>**

4      1.    The following inspection demands seek production for inspection and copying of all

5  responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and

6  specifically includes all DOCUMENTS in the possession, custody, or control of YOUR agents,

7  partners, officers, employees, attorneys, accountants, investigators, representatives, and each of

8  them.

9      2.    Any non-identical copy of a DOCUMENT, including copies with notes,

10 highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as

11 a separate DOCUMENT.

12     3.    If there are no DOCUMENTS responsive to a category in this inspection demand,

13 please state so in writing.

14     4.    For each DOCUMENT that YOU decline to make available for inspection and

15 copying on the grounds of privilege or the attorney work product rule, provide the following

16 information:

17     a.    State the date on which the DOCUMENT was created;

18     b.    State the title of the DOCUMENT;

19     c.    Briefly describe the nature and contents of the DOCUMENT;

20     d.    IDENTIFY each person or entity that received a copy of the DOCUMENT

21     or to whom the DOCUMENT or its contents were disclosed;

22     e.    IDENTIFY the privilege or rule that YOU contend protects the

23     DOCUMENT from disclosure; and

24     f.    IDENTIFY each fact on which YOU base YOUR contention that the

25     privilege or rule identified in YOUR response is applicable.

26     g.    If any material is redacted from a DOCUMENT, please so indicate in the

27     response to the inspection demand and state the basis for such redaction.

28

5.     Please produce the original of each DOCUMENT and all copies thereof, if any copy is other than identical to the original, in the order called for in the categories listed below.

6.     If, for any reason, any of the objects or tangible things to be produced pursuant to these inspection demands has been destroyed, lost or otherwise disposed of, please state for each category the following information:

     a.     A description of the DOCUMENT, object or tangible thing to be produced. If the destroyed, lost or otherwise disposed of item is a DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient and subject matter.

     b.     The date the DOCUMENT, object or tangible thing was lost, destroyed or disposed of.

     c.     All witnesses who have knowledge of the loss, destruction or disposal.

     d.     If the loss, destruction or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction or disposal.

7.     DOCUMENTS should be produced in their native format where applicable.

### DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1:**

All DOCUMENTS RELATED TO soliciting or advertising for participants or prospective plaintiffs in a lawsuit or potential lawsuit RELATED TO BODYARMOR, including without limitation social media postings, "newsletters," articles, consumer guides, and emails.

**REQUEST NO. 2:**

All COMMUNICATIONS between YOU, KAPLAN FOX and/or REESE RELATED TO soliciting or advertising for participants or prospective plaintiffs in a lawsuit or potential lawsuit against BODYARMOR.

**REQUEST NO. 3:**

All COMMUNICATIONS and DOCUMENTS RELATED TO soliciting or advertising for participants or prospective plaintiffs in other lawsuits or potential lawsuits with which KAPLAN FOX or REESE were involved.

**REQUEST NO. 4:**

All COMMUNICATIONS and DOCUMENTS related to the fees YOU charged RELATED TO any solicitations or advertisements REGARDING BODY ARMOR or this lawsuit.

**REQUEST NO. 5:**

All COMMUNICATIONS and DOCUMENTS RELATED TO any metrics or data YOU created or maintained RELATED TO  BODYARMOR or this lawsuit, including without limitation how many views any solicitations or advertisements RELATED TO BODYARMOR or this lawsuit received, how many responses were made to such solicitations or advertisements, information about individuals who responded to such solicitations or advertisements, and any other data collection, tracking or analytics YOU have done REGARDING BODYARMOR or this lawsuit.

**REQUEST NO. 6:**

All COMMUNICATIONS and DOCUMENTS sufficient to identify anyone directly or indirectly working for YOU who may have knowledge REGARDING any work YOU have undertaken or data you have collected RELATED TO BODYARMOR or this lawsuit.

**REQUEST NO. 7:**

All COMMUNICATIONS and DOCUMENTS RELATED TO any review or assessment of any solicitation or advertisement RELATED TO BODYARMOR or this lawsuit.

**REQUEST NO. 8:**

All COMMUNICATIONS and DOCUMENTS RELATED TO YOUR policies and procedures RELATED TO review or assessment of any solicitations or advertisements by YOU.

**REQUEST NO. 9:**

All COMMUNICATIONS and DOCUMENTS RELATED TO any agreements between YOU, KAPLAN FOX and/or REESE within the last four years.

**REQUEST NO. 10:**

All COMMUNICATIONS and DOCUMENTS RELATED TO any money paid to YOU by KAPLAN FOX or REESE within the last four years, including without limitation any advertising fees.

1 | **REQUEST NO. 11:**

2 |   All COMMUNICATIONS between YOU and KAPLAN FOX within the last four years.

3 | **REQUEST NO. 12:**

4 |   All COMMUNICATIONS between YOU and REESE within the last four years.

5 | **REQUEST NO. 13:**

6 |   All COMMUNICATIONS and DOCUMENTS REGARDING BODYARMOR or this

7 | lawsuit, including without limitation any publications by YOU.

| Attorney or Party without Attorney:<br>TRACY ZINSOU ESQ., Bar #295458<br>BRAUNHAGEY & BORDEN LLP<br>351 CALIFORNIA STREET<br>10TH FLOOR<br>SAN FRANCISCO, CA 94104<br>Telephone No: 415-599-0210 | | | | For Court Use Only |
|---|---|---|---|---|
| *Attorney for:* Defendant | *Ref. No. or File No.:* | | | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>United States District Court, Northern District Of California | | | | |
| *Plaintiffs:* MARC SILVER, ET AL. | | | | |
| *Defendant:* BA SPORTS NUTRITION, LLC | | | | |

| **PROOF OF SERVICE**<br>**SUBPOENA TO PRODUCE** | *Hearing Date:*<br>Wed, Dec. 16, 2020 | *Time:*<br>5:00PM | *Dept/Div:* | *Case Number:*<br>3:20-cv-00633-SI |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT; INSPECTION OF PREMISES IN A CIVIL ACTION; ATTACHMENT 1

3. a. *Party served:*          TOP CLASS ACTIONS LLC
   b. *Person served:*       MAUREEN BYERS, STATUTORY AGENT

4. *Address where the party was served:*       AGENT: DETWILLER DIGIACOMO & PISARUK
                                              99 EAST VIRGINIA AVENUE
                                              SUITE 220
                                              PHOENIX, AZ 85004

5. *I served the party:*
   a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Thu., Dec. 03, 2020 (2) at: 2:58PM
   b. *I received this subpoena for service on:*       Tuesday, December 01, 2020

6. *Witness fees were not demanded or paid.*

7. *Person Who Served Papers:*                                   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. NIHAD HIDIC                                    d. *The Fee for Service was:*    $210.00
   b. **One Hour Delivery Service**                  e. I am: Out of state process server
      2920 Camino Diablo Ste. 100                        *(i)*  Independent Contractor
      WALNUT CREEK, CA 94597                             *(ii)  Registration No.:*
   c. 925-947-3470, FAX 925-947-3480                     *(iii) State:*          CONTRA COSTA

8. *I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.*
   *Date:  Thu, Dec. 03, 2020*

Judicial Council Form                    PROOF OF SERVICE                    (NIHAD HIDIC)
Rule 2.150.(a)&(b) Rev January 1, 2007   SUBPOENA TO PRODUCE                                    682130    .brautz.91464